UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

v.

The City of Saint Paul,

Defendant.

Civil File No. 00-258 (MJD)

MEMORANDUM OPINON AND ORDER

---

Gregory G. Brooker, Assistant U.S. Attorney on behalf of Plaintiff.
Clayton M. Robinson, Jr., and Meghan L. Riley, Assistant City Attorney on behalf of Defendant.

---

BACKGROUND

By Order of this Court dated May 1, 2000, this Court granted the Department of Housing and Urban Development's (hereinafter "HUD") motion for summary judgment and granted it permanent injunctive relief. Currently before the Court is the motion of the City of Saint Paul (hereinafter the "City") for a stay of the Court's Order enjoining the City from enforcement of Chapter 45 against HUD-owned properties pending appeal, or in the alternative, for an order modifying the injunctive relief, allowing enforcement of Section 45.12 to be enforced against HUD-owned properties pending appeal.

Rule 62(c) of the Federal Rules of Civil Procedure allow a court "in its discretion [to] suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers

FILED MAY 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

proper for the security of the rights of the adverse party." The applicable factors for determining the appropriateness of a stay are: 1) whether the stay applicant has made a strong showing that he/she is likely to succeed on the merits; 2) whether the applicant will be irreparably harmed absent a stay; 3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) whether a stay is in the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

1. Success on the merits

As to the first factor, the City argues that it need only show that its appeal involves the determination of substantial and novel legal questions. This argument is not entirely correct. It is true that a court may stay its order pending appeal where its order involves substantial and novel legal questions. However, the movant must still make a showing of likelihood of success on the merits. See, Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981)("where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less."); See also, Ben Oehrleins and Sons and Daughters, Inc. v. Hennepin County, Minnesota, 927 F.Supp. 348, 350 (D. Minn. 1996)(success on the merits is nonetheless relevant to stay determination even though order involves substantial and novel legal questions).

The Court agrees that this case involves substantial legal issues. However, the Court finds that the City has not made a sufficient showing of success on the

merits, and the equities do not weigh in favor of a stay of all or a portion of this Court's Order.

2. Irreparable Harm

The City argues that absent a stay, it will be irreparably harmed. The City argues that this Court's Order prohibits it from controlling potential health and safety risks that arise from HUD-owned properties. HUD responds that its regulations require the immediate repair of all hazardous conditions in HUD-owned homes. HUD argues, and the Court agrees, that there is no evidence in the record that any current HUD-owned homes are in need of emergency repairs of hazardous conditions or that any such home is a danger to the public. This factor thus does not weigh in favor of a stay or a modification of the Court's Order.

3. Injury to HUD if Stay is Issued

The City argues that HUD will suffer no injury if the stay is issued because HUD can continue to acquire and sell its homes. HUD responds that if the stay is issued, the City can and will continue to demolish HUD-owned homes. This Court has already found that demolition of HUD-owned homes constitutes irreparable injury. Accordingly, this factor does not weigh in favor of a stay or modification.

4. Public Interest

The City asserts that this factor weighs in favor of a stay, as it is in the public interest to allow it to protect the health and safety of its citizens. HUD argues that the public interest does not support a stay, as it would hamper its

ability to market HUD-owned homes – the home located at 1328 Minnehaha Avenue being a clear example. In addition, HUD asserts that the public interest is furthered by an injunction that enforces the U.S. Constitution.

The Court finds that this factor also weighs against the issuance of a stay. The public interest is served by allowing HUD to market its homes without the threat of demolition by the City. In addition, the City has not presented the Court any evidence that HUD will not address emergency hazardous conditions, or that such conditions currently exist.

ACCORDINGLY, IT IS HEREBY ORDERED that the City of St. Paul's Motion for a Stay or Modification of Injunctive Relief is DENIED.

Date: 5-25-00

Michael J. Davis
United States District Court